THE STATE v. STERRETT.

1. **Criminal Evidence:** GOOD CHARACTER OF DEFENDANT: REBUTTAL. Where the defendant has introduced evidence of his good character, the state, in rebuttal, is confined to general evidence that his character is not good in the particular in question, and evidence of particular acts indicative of bad character must be excluded. (*State v. Gordon*, 3 Iowa, 410, followed.)

2. ———: MURDER: OTHER MURDERS IN THE NEIGHBORHOOD. On a trial for murder, it was error to allow the district attorney, on the cross-examination of a witness, to inquire whether there had not been other murders committed in defendant's neighborhood.

3. ———: DEFENDANT'S OWN TESTIMONY: INTEREST: INSTRUCTION. A defendant who testifies on his own behalf, when on trial on a criminal charge, is necessarily an interested witness, and there can be no error in directing the jury to consider that fact in determining the weight which should be given to his testimony.

*Appeal from Louisa District Court.*

TUESDAY, MARCH 15.

THE defendant was convicted of the crime of manslaughter, and sentenced to a term of imprisonment in the penitentiary.

*Newman & Blake*, for defendant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—This case has once before been in this court. See 68 Iowa, 76. The circumstances of the occurrence in

question, as shown by the evidence given on the first trial, are set out in the opinion. The evidence on the second trial was not materially different, and there is no necessity for a restatement of the facts.

I. The defendant introduced evidence which tended to prove that his character as a peaceable, orderly and law-abid-

1. CRIMINAL
evidence:
good charac-
ter of defend-
ant: rebuttal.

ing person, before the occurrence, had been good. The state, in rebuttal, was permitted, against defendant's objection, to introduce evidence tending to prove that he had previously been involved in personal difficulties, and that on one occasion he had threatened to shoot a person with whom he had had a difficulty. The court erred in admitting this evidence. *State v. Gordon*, 3 Iowa, 410. The reasons of the rule which excludes evidence of this character are fully stated in that case, and need not be repeated.

II. The district attorney was permitted, on the cross-examination of a witness, to ask him whether there had not

2. ——: mur-
der : other
murders in
the neighbor-
hood.

been a number of murders committed in the neighborhood in which defendant lived, and he inquired particularly whether the witness did not know of the murder of a Swede in that neighborhood a short time before the occurrence in question. The testimony of the witness, as set out in the abstract, is very brief, and the connection in which these questions were asked is not shown, and we are not able to determine what object the district attorney had in view when he asked them; but we cannot conceive of any state of the case in which they would be competent. The defendant had the right to have the case tried and determined upon the evidence which related to the occurrence upon which the charge in the indictment was based. The question related to occurrences having no relation to that, and the evidence elicited could hardly fail to be prejudicial to him.

III. Defendant was a witness in his own behalf, and the

court gave the following instruction, to which exception is taken: "Under our law, a person charged with a crime may testify in his own behalf, and defendant has availed himself of this privilege; and, in determining the question of his guilt or innocence, you must consider his testimony. He testifies as an interested witness, and from an interested stand-point, and as such you should consider his testimony; and when you do this, with all the surrounding circumstances developed by the evidence, give the testimony such weight, in connection with other evidence in the case, as you think it entitled to, and no more." The objection urged by counsel against this instruction is, that it throws discredit on the testimony of the witness. Their argument is that, as defendant is a competent witness, his testimony is to be weighed and tested by the same rules that are applied to the testimony of other witnesses, and that it was for the jury, and not the court, to say whether its weight and credit was impaired by the fact of his interest. We admit the correctness of the premises. There are no rules specially applicable to a witness in that position, but his testimony is to be tested by the general rules which are applicable to all witnesses; and it is always the province of the jury to determine what weight and credit should be given to the testimony. But the instruction does not invade that province of the jury. It leaves it to them to determine what credit should be given to his testimony after considering the fact of his interest. But the fact that some interest of the witness is at stake may always be considered in weighing his testimony. If there is a question as to whether he is an interested witness, that question should be submitted to the jury; but, if there is no question as to the facts, the court may properly instruct the jury on the assupmtion that the interest exists, and may tell them that it should be considered in weighing the testimony. Now, the defendant in a criminal case who testifies in his own behalf is always an interested witness. It is impossible that

3. ——: defendant's own testimony: interest: instruction.

it should be otherwise, and there can be no case in which it would not be proper for the jury to consider that fact in weighing his testimony. The court, therefore, properly assumed the existence of the fact, and directed the jury to consider it in determining the weight which should be given to defendant's testimony.

Exceptions are taken also to certain instructions given by the district court on the right of self-defense. These instructions, however, are in accord with the views expressed by this court on the former appeal, and the questions demand no further discussion.

                                            REVERSED.