## STATE v. SMITH *et al.*

1. Where an information for robbery charged that the crime was committed in Moody county, evidence showing that the robbery was at a certain house located in Moody county is sufficient to prove the *locus delicti.*

2. Under Comp. Laws, § 7381, providing that in criminal proceedings the person charged shall, at his own request, be a competent witness, a co-defendant is competent as a witness, in a trial for robbery, against a defendant who has asked for a separate trial, although such co-defendant has not been discharged under Sec. 7379, providing that, when two or more persons are included in an indictment, one of them may, on application of the district attorney, be discharged, in order that he may be a witness for the state.

3. An instruction that it is the duty of the jury, in determining the weight to which the evidence is entitled, to take into consideration the interest of the defendant and his co-defendant, and the natural interest and sympathy of his relatives and friends who testified, while improper, in that it was not general, but specified certain witnesses whose interests should be considered was not prejudicial.

4. The refusal of the court to permit answers to certain questions on cross-examination is not prejudicial error, when, in other parts of the record and in answer to other questions, the witness has testified fully upon the matters excluded.

(Opinion filed May 19, 1896.)

Error to circuit court, Moody county. Hon. JOSEPH W. JONES, Judge.

James Smith and others were indicted for robbery. Smith having been granted a separate trial, was convicted, and brings error. Affirmed.

The facts are stated in the opinion.

*R. Brennan* (*Joe Kirby*, of counsel), for plaintiff in error.

The *locus delicti* must be proven. State v. Bank, 3 S. D. 52; Commonwealth v. Call, 21 Pick. 509; People v. Aleck, 61 Cal. 137; Boston v. State, 32 Am. Rep. 575; People v. Bevans, 52 Cal. 470. It was error to permit the informer Kephart, who was jointly indicted with plaintiff in error, to testify, no disposition having been made of his case. Comp. Laws, § 7379; Reeve's Stat. of Mo. 1879, § 1917; 4 Am. & Eng. Ency. of Law 872-4; State v. Chiagh, 4 S. W. 704; State v. Toney, 82 Mo. 82; 1 Bish. New Cr. Pro. § 1020-66; Best's Prin. of Ev. § 180; 1 Phill. Ev. 64; 1 Greenl. Ev. (Redf. ed.) 363; Moss v. State, 65 Am. Dec. 433. State v. Shepard, 17 S. W. 227; Ray v. State, 1 Green (Ia.) 316. It was error to charge the jury, as in this case, regarding the credibility of the respective witnesses and the law applicable thereto. Unruh v. State, 4 N. E. 453; Bird v. State 8 N. E. 14; McMinn v. Whelan, 27 Cal. 300-320; Dodd v. Moore, 92 Ind. 997; State v. Austin, 21 S. W. 31; State v. Hobbs, 24 S. W. 1074; Townsend v. State, 12 So. 209.

*Coe I. Crawford,* Attorney General, and *John Q. Adams,* State's Attorney (*Frank R. Aikens,* of counsel), for the state.

The *locus delicti* is sufficiently proven.   People v. Manning, 48 Cal. 335.   Kephart was a competent witness.   Edwards v. State, (Wash.) 26 Pac. 238; State v. Thadon, (Minn.) 45 N. W. 614; Benson v. U. S., 13 Sup. Ct. Rep. 61, 146 U. S. 325; Com. v. Brown, 130 Mass. 279.

HANEY, J.   Defendant James Smith, having been granted a separate trial, was convicted of robbery, and sentenced to imprisonment in the penitentiary.   He brings this action here for review upon writ of error.

It is contended by plaintiff in error that the evidence does not sustain the verdict, for the reason that the *locus delicti* has not been proven.   This is not tenable.   An examination of the entire record clearly discloses that the crime was committed in Moody county, in this state—the county alleged in the information, and in which the action was tried.   We think a fair and reasonable construction of all the evidence leaves no room for doubt upon this point.

The state called, as a witness in its behalf, Clyde Kephart, one of the persons included in the information in this action, and as to whom the case was pending on a plea of not guilty. He was permitted against defendant's objection, to testify fully concerning the commission of the alleged crime, and his participation therein.   Defendant contends that it was error to permit this witness to testify before the court had directed him to be discharged from the information.   Whether or not the court erred in this respect depends upon the effect to be given the several legislative enactments upon the subject in this state. In the Code of Civil Procedure adopted in 1877, it was provided that "no person offered as a witness in any action or special proceeding, in any court or before any officer, or person having authority to examine witnesses or hear evidence, shall be excluded or excused, by reason of such persons' interest in the event of the action or special proceeding; or because such person is a party thereto; or because such person is a husband or

wife of a party thereto, or of any person in whose behalf such action or special proceeding is brought, prosecuted, opposed or defended"—with certain specified exceptions, which have no bearing upon the questions involved in this action. Comp. Laws, § 5260, Code Civ. Proc. § 446. By this sweeping enactment, all persons are competent witnesses, unless shown to be within the statutory exceptions, and the reason for many rules of the common law based upon the incompetency of parties has ceased to exist. However, the learned commissioners who prepared the Codes of 1877, inadvertently, it would seem, retained certain principles of the common law, apparently inconsistent with the general doctrine as declared in the section above quoted. These are found in the Code of Criminal Procedure, and are as follows:

"Sec. 352. Discharge of Defendant as Witness. When two or more persons are included in the same indictment, the court may, at any time before the defendants have gone into their defense, on the application of the district attorney, direct any defendant to be discharged from the indictment, that he may be a witness for the territory.

"Sec. 353. Same—Duty of Court. When two or more persons are included in the same indictment, and the court is of the opinion that in regard to a particular defendant there is not sufficient evidence to put him on his defense, it must, before the evidence is closed in order that he may be a witness for his co-defendant, submit its said opinion to the jury, who, if they so find, may aquit the particular defendant for the purpose aforesaid." Same sections, Comp. Laws, §§ 7379, 7380.

It was provided by the general repealing act of February, 1877, that for the purposes of construction the several Codes adopted at that session of the legislature "shall be held and deemed to have been passed on the same day and as parts of the same statute, and if the provisions of any Code conflict with or contravene the provisions of any other Code, the provisions of such Code must prevail as to all matters and questions aris-

ing thereunder out of the same subject matter." Rev. Codes
1877, p. 900. Therefore Secs. 352 and 353 of the Code of Crim-
inal Procedure must prevail over Sec. 446 of the Code of Civil
Procedure, and determine the practice in criminal actions, un-
less the former sections have been repealed or modified by sub-
sequent legislation. In 1879 the following, found in the Com-
piled Laws as Sec. 7381, was enacted: "In the trial of all in-
dictments, informations, complaints and other proceedings
against persons charged with the commission of any crime, of-
fenses and misdemeanors before any court or committing mag-
istrate in this territory, the person charged, shall at his own
request, but not otherwise, be a competent witness, and his
failure to make such request shall not create any presumption
against him." This latest expression of the legislature will,
applying especially to criminal actions, must be given such
force and effect as its language fairly imports, and in so far as
it conflicts with former statutes on the same subject, must be
construed as intended to modify such statutes. It will be ob-
served that in all criminal trials any person charged with crime
shall, at his own request, but not otherwise, be a competent
witness. His competency is not restricted to cases where he
requests to be a witness in his own behalf, but extends to all
criminal trials, and makes him a competent witness for all pur-
poses; the only limitation being that he cannot be compelled to
testify, either for the state or for the defense. Such being the
clear and unmistakable intent of this enactment, we conclude
that any person charged with crime, whether convicted or not,
may, if he so elects, become a witness, either for himself, his
co-defendant, or the state. This conclusion is in harmony
with the tendency of modern legislation, and the later decisions
in states still governed by common law principals. It is con-
sonant with sound reason, and avoids many manifest absurdi-
ties resulting from the application of common law principals,
based upon the incompetency of parties, in jurisdictions which
permit parties to be witnesses. In the absence of any showing

to the contrary, we will presume Kephart was willing to testify and we hold that the court properly permitted him to do so without first discharging him from the information.

The defendant accepted to the following portion of the charge: ''You are instructed that under the statutes of this state a defendant in a criminal case may be a witness in his own behalf. But you are further instructed that it is your duty to take into consideration, in weighing his testimony, the fact that he stands charged with the commission of the crime; that the result of the case under consideration is to him of the most vital importance; and, bearing this in mind, you are to give to his evidence such weight and credence as, in your sound judgment, you may consider it entitled to.'' Defendant also excepted to the following part of the charge: "And the proof in support of it is such as is furnished by co-defendants, and relatives and friends of the defendant or his co-defendants. It is the duty of the jury to take into consideration the interest of the defendant and his co-defendants, and the natural interest or sympathy of his relatives, or the relatives of his co-defendants or his and their friends." The court here refers to the effort of defendant to prove an alibi. It certainly was the duty of the jury to consider the interest of defendant, his co-defendants, and their relatives, in the event of the action. Evidence cannot be weighed, by persons of ordinary intelligence and experience, without giving attention to the evident feelings and interest of witnesses. It is always proper for trial courts to remind jurors of their duty in this respect, but we cannot commend the manner in which it was done in this case. They should have been directed to consider the interest, if any, as shown by the evidence, of each witness, without specifying any particular person or class of persons, and to give to the testimony of each such weight as the jurors believed it entitled to, in view of all the evidence. The testimony of each witness should be subjected to the same test, and the court should studiously avoid any expression calculated to discredit any particular por-

tion of the testimony.    However, we are satisfied, from a care-
ful inspection of the record, that, whatever departure there
may be in the foregoing parts of the charge from what we re-
gard as good form, such departure did not prejudice, or tend
to prejudice, defendant in respect to any sustantial right, and
therefore presents no reversible error.    Comp. Laws, § 7588.
Counsel for defendant, who did not take part in the trial below,
has called our attention to other portions of the charge; but
his objections cannot be considered in this court, no parts of
the charge having been excepted to, other than as stated here-
in.

Careful attention has been given to certain errors alleged
to have occurred in the refusal of the court to permit answers
to questions asked of the witness Kephart on cross-examina-
tion.    Many idle and unnecessary questions were asked.    Nu-
merous captious objections were made by counsel for the state.
As a confessed participant in the alleged crime, Kephart should
have been subjected to the most thorough and rigid cross-ex-
amination.    The utmost latitude should have been allowed.    It
is unwise and dangerous for the government, in such cases, to
interpose objections, so long as the inquiry is confined to any
reasonable limits.    But there must be a limit to any cross-ex-
amination, and when it appears, as it does in this case, from an
examination of the whole record, that the witness, at one time
or another, has been required to answer every question which
could possibly aid the jury in correctly estimating the value of
his testimony, prejudicial error will not be predicted upon the
refusal of the court to permit answers to certain questions,
when, in other parts of the record, and in answer to other ques-
tions the witness in effect, testified fully upon the matters ex-
cluded.    Such rulings, if erroneous, are not prejudicial to any
substantial right.    We think the cross-examination of Kephart
was permited to extend even beyond reasonable limits, and we
are unable to discover any reversible error in respect thereto.
The judgment of the court below is affirmed.