## WINN v. SANBORN.

1. An error in sustaining an objection to a proper question will be cured where substantially the same question is subsequently answered by the witness without objection.

2. Where the terms of a contract are not ambiguous and uncertain, an omission of the court to instruct that it should be interpreted in the sense the promisor believed the promisee understood it at the time, as provided by Comp. Laws, § 3564, is not error.

3. A case will not be reversed on appeal for an omission of the trial court to instruct on a particular point, where its attention is not called to the subject, and no instruction is requested.

4. An instruction not excepted to prior to judgment cannot be reviewed on appeal.

5. Laws 1893, Chap. 70, authorizes the court to impose reasonable cost upon denying a motion for a new trial, and to make their payment a condition precedent to further proceedings. *Held*, that under this statute it was not error for the trial court to impose terms on denying such a motion.

(Opinion filed May 17, 1898.)

Appeal from circuit court, Brule county. Hon. FRANK B. SMITH Judge.

Action on contract. Plaintiff had judgment and defendant appeals. Affirmed.

The facts are stated in the opinion.

*S. H. Wright,* for appellant.

*James Brown,* for respondent.

CORSON, P. J. This was an action on contract. Verdict and judgment for plaintiff, and defendant appealed from the judgment and the order denying a new trial.

On the trial an objection to a certain question propounded to defendant Sanborn, when on the stand as a witness, was sustained. Appellant contends this was error. As substantially the same question was permitted to be answered without objection, the error, if any, was cured. State v. Smith, 8 S. D. 547, 67 N. W. 619.

The next error assigned is that the court erred in not instructing the jury in reference to the provisions of Sec. 3564, Comp. Laws. This section has no application to the facts in this case. There was no ambiguity or uncertainty in the contract, in the sense those words are used in that section. Plaintiff testified that the agreement was that he was to be paid $1.25 per ton for hay stacked in the field, and $1.50 for hay stacked at the house. The defendant testified that $1 and $1.25, respectively, was to be paid. It was for the jury, therefore, to determine which statement they would believe. But, if the section was applicable, it was the duty of defendant's counsel, if he desired an instruction upon that question, to have called the court's attention to the statute, and requested an instruction. Failing to do this, the appellant has no ground of complaint in this court. The rule applicable to such cases is thus stated in 11 Am. & Eng. Enc. Law, p. 258: "It is not error for the judge to omit to charge the jury on a particular point, unless asked to do so at the trial. A party cannot, in a court of error, avail himself of an omission which he made no effort to have supplied at the time. The rule is that, for a misdirection, judg-

ment will be reversed, though no instruction be asked; but not for the omission to instruct on a particular point, where the judge was not requested to do so." Frye v. Ferguson, 6 S. D. 392, 61 N. W. 161. The same rule applies to the failure of the court to instruct the jury as to what is necessary to constitute a contract. Defendant's counsel requested no instruction upon the subject, and hence the failure of the court to instruct upon the subject is not error.

It is further contended by appellant that the court erred in instructing the jury that, if they found for plaintiff, they should find interest from November 1, 1896. No exceptions appear to have been taken to the instructions of the court prior to judgment. Uhe v. Railway Co., 4 S. D. 505, 57 N. W. 484. Hence the instructions cannot be reviewed on this appeal. State v. Smith, *supra.*

There was no error in imposing terms on denying motion for a new trial. Laws 1893, Chap. 70. Finding no error in the record, the judgment and the order denying a new trial are affirmed.