THE STATE OF IOWA V. D. MORAN, Appellant.

Re-examination: ON BIAS OF WITNESS: *Held improper.* Where a witness for the state testifies, on cross-examination, in a prosecution for maintaining a liquor nuisance, that he was one of the parties who employed assistant counsel, it is error to permit the witness to testify, on re-examination, against the defendant's objection, that the town had been overrun with lawlessness and liquor selling for the last two years.

*Appeal from Decatur District Court.*—HON H. M. TOWNER, Judge.

FRIDAY, DECEMBER 21, 1900.

THE defendant appeals from a judgment convicting him of maintaining a liquor nuisance.—*Reversed.*

*C. W. Hoffman* and *Marion Woodard* for appellant.

*Milton Remley,* Attorney General, for the state.

LADD, J.—It seems that divers persons were wont to meet in Switzer's lumber yard on Saturday afternoons of July and August, 1899, and partake of beer from a keg beneath one end of a shed. Compensation, or at least contribution, was made by depositing dimes and quarters, according to the amount consumed, on a bunch of shingles. The de-

fendant, with Switzer and Bradshaw, was indicted for maintaining a nuisance in so using the portion of the shed mentioned, and was awarded a separate trial. Notwithstanding his denial, the evidence fairly puts in issue his participation in dealing out the beer at that place, and in the collection of money from those who drank of it. One Jennings testified to the gathering of people at the shed, the collection of money for beer by defendant, and to seeing him take a keg of beer in that direction. On cross-examination it was made to appear that he was "one of the parties who employed assistant counsel in this case and in all other cases up there." Thereupon he was asked by the state, "Your town of Grandriver has been overrun with lawlessness and liquor selling for the last two years, has it not?" and, over defendant's objection, answered, "It has." The state undertakes to justify this ruling on the ground that the answer tended to refute the charge of zeal or bias on the part of the witness which might otherwise be inferred from participation in the procurement of aid to the county attorney. Possibly the circumstances of that employment might have been shown, but nothing of the kind was attempted. Rather the condition of the community for two years prior to the trial was declared such as to strongly appeal to the jurors for relief from a reign of vice and crime. If they believed the situation as stated, the tendency was, as is usual in such cases, to resolve doubts in favor of punishment, that lawlessness might not profit from the escape of the accused. The evidence was relevant to no issue to be tried, and ought not to have been received. See State v. Sterrett, 71 Iowa, 386.— REVERSED and REMANDED.