STATE, Respondent, v. POCK, Appellant.

(152 N. W. 507.)

(File No. 3708.    Opinion filed May 10, 1915.    Rehearing denied June 21, 1915.)

1.   Criminal Law—Larceny—Trial—Instructions—Credibility of Accused—Consideration to be Given His Testimony.

An instruction, in a prosecution for larceny, that the testi-

mony of the defendant should be weighed under the same rules
as that of any other witness, but taking into consideration his
interest in the result of the verdict, was proper, as against the
objection that the defendant had a right to have his testimony
given to the jury without any comment thereon by the court,
when such instruction was immediately preceded by one that
the jury carefully consider the testimony of each witness and
give it such credibility as they might deem proper, and that in
weighing such testimony they might consider the interest of the
witnesses in the result of the action; that by such instructions
defendant's testimony was subjected to the same test as that of
other witnesses, nor did they contain any expressions calculated
to discredit defendant's testimony.

2.  **Same—Larceny—Intent of Accused—Credibility of His Testimony
Considered—Instructions—Charging on Matters of Fact.**

Instructions, in a prosecution for larceny, that the defendant's
testimony is not conclusive upon the jury on the question of
intent, but that it should be considered with the other testimony
in the case, and that it was their duty to take into considera-
tion all the other testimony, facts, and circumstances as
developed by the evidence, held, not violative of Code Cr. Proc.,
Secs. 350, 385, requiring the court to charge upon all matters
of law but forbidding instructions on matters of fact; nor did
such instructions intimate to the jury that they were not obliged
to accept defendant's testimony as true, where, immediately fol-
lowing the same the court further instructed that the jury
might consider defendant's conduct and statements, if any, to
complaining witness and others, in regard to the horses in
question, both before and after defendant took them, as well as
his conduct after his arrest and during the entire transaction.

Appeal from Circuit Court, Meade County.   Hon. JOHN F.
HUGHES, Judge.

The defendant, Louis Frank Pock, was convicted of larceny,
and he appeals.   Affirmed.

*Harry P. Atwater,* for Appellant.

*C. C. Caldwell,* Attorney General, and *Byron S. Payne,* As-
sistant Attorney General, for Respondent.

(1) Under point one of the opinion, Appellant cited:   State
v. Smith, (S. D.) 67 N. W. 619; People v. Maughes, (Cal.) 86
Pac. 187; State v. Webb, (Idaho) 55 Pac. 892; Thompson on
Trials, Sec. 2421; Dwyer v. Basset, 63 Tex. 277; Muely v. State,
(Tex.) 19 S. W. 915; Clark v. State, (Tex.) 59 S. W. 887;
Madison v. State (Okla.) 118 Pac. 617; Keigans v. State, (Fla.)
41 Southern, 886; Eidson v. State, (Okla.) 115 Pac. 606;

Vaughn v. State, (Ark.) 24 S. W. 888; Unruh v. State, (Ind.) 4 N. E. 453; Burk v. State, (Neb.) 112 N. W. 575; Clark v. State, (Neb.) 49 N. W. 367; Harriott v. Holmes, (Minn.) 79 N. W. 1003.

Respondent cited: Anderson v. State, 104 Ind. 467, 4 N. E. 63; State v. Weeden, 133 Mo. 70, 34 S. W. 473; State v. Dilts, 191 Mo. 665, 90 S. W. 782; Honsh v. State, 43 Neb. 163, 61 N. W. 571; Gatliff v. Territory, 2 Okla. 523, 37 Pac. 809; State v. Tarter, 26 Ore. 44, 37 Pac. 53; State v. Fiske, 63 Conn. 388, 28 Atl. 572; 30 Am. & Ency. of Law, 1139; 1 Brickwood Sacket Instructions, 365; 2 Brickwood Sackett Instructions, 2533-52; 12 Cyc. 638; 2 Thompson on Trials, 2445; 11 Ency. of Pl. & Prac., 315, 316; State v. Smith, 8 S. D. 547, 67 N. W. 619; Brown v. State, 142 Ala. 287, 38 So. 268; State v. Thornton, 10 S. D. 350, 73 N. W. 196; Henry v. Peo., 198 Ill. 162, 65 N. E. 120; Reagain v. U. S., 157 U. S. 301, 15 Sup. Ct. 610; Peo. v. Herrick, 59 Mich. 563, 26 N. W. 767; Peo. v. Newcomer, 118 Cal. 263, 50 Pac. 805; State v. Morrison, 104 Mo. 638, 16; State v. Miller, 190 Mo. 449, 89 S. W. 337.

(2) Under point two of the opinion, Appellant cited: Code Crim. Proc., Sec. 350, Subd. 6; Territory v. O'Hare, (N. D.) 44 N. W. 1003; State v. Coleman, (S. D.) 98 N. W. 175 p. 180; State v. Barry, (N. D.) 92 N. W. 803; 12 Cyc. 604; Hauser v. People, (Ill.) 71 N. E. 416; Parker v. State, (Neb.) 93 N. W. 1037; State v. Halverson, (Minn.) 114 N. W. 957.

Respondent cited: State v. Wiggins, 50 La. 330, 23 So. 334; State v. Sterrett, 71 Ia. 10, 32 N. W. 387.

GATES, J. The defendant, convicted of larceny, has appealed from the judgment and order denying a new trial, assigning as error two portions of the instructions to the jury.

[1] The following is the first portion claimed to be objectionable:

"Under the law of this state the defendant does not have to take the witness stand and testify in criminal actions; but the defendant has seen fit in this case to take the stand and tesify before you, and you will weigh his evidence under the same rules as you would weigh that of any other witness, but taking into consideration his interest in the result of your verdict in this case."

It is claimed that the defendant, being a competent witness, had the right to have his evidence weighed by the same rules as that of other witnesses in this case, and to have it go to the jury without any comment thereon by the court. The following sentence from the opinion in State v. Smith, 8 S. D. 547, 67 N. W. 619, is relied on:

"The testimony of each witness should be subjected to the same test, and the court should studiously avoid any expression calculated to discredit any particular portion of the testimony."

Immediately preceding the part of the instruction objected to, the court had charged the jury:

"You are also the judges of the weight of the evidence, of credibility of the witnesses, and it is for you to examine all the evidence and weigh it, and carefully consider the testimony of each witness, and weigh that, giving the testimony of each witness such credibility as you deem proper in the case, in determining whether the testimony of that witness is true or not. And in weighing the testimony of witnesses you have a right to take into consideration their means of knowing the facts to which they testify, and also their conduct and demeanor upon the witness stand, and their interest, if any, in the result of the action, or of your verdict in this case."

We fail to see that defendant's testimony has not been subjected to the same test as that of other witnesses, nor can we find therein any expression calculated to discredit defendant's testimony.

[2] The second portion of the charge objected to is as follows:

"Now, gentlemen, as I said a while ago, possibly the principal question, at least one of the principal questions, in this case, and most important question in this case for you to consider, will be the question of the intent of the defendant. The defendant has taken the stand and testified that he did not have the intention of depriving Larsen of the horses; that his intention was, I believe, to return them at some time, and to keep them from bothering him and trespassing upon his lands. This testimony, gentlemen, is competent. He had a right under the law to take the stand, and to say to you under his oath whether or not he intended to steal those horses. But, while this testimony is com-

petent, it is not conclusive upon you upon this question of intent; but you should consider it along with all the other testimony in the case determining this question of intent. You have a right, not only to take into consideration the testimony of the defendant when he testifies that he did not intend to steal the horses, but you should also take into consideration, and it is your duty to take into consideration, all the other testimony, facts, and circumstances as developed by the evidence in this case, and determine from that what was the real intention of the defendant when he took those horses."

It is further claimed that, by this and the former instruction objected to, the court told the jury in effect what they must take into consideration in determining the credibility of defendant's testimony, and how they must weigh it, and thereby the court violated two sections of our Code, viz., subdivision 6 of section 350, C. Cr. Pro., which provides:

"The judge must then charge the jury: he may state the testimony, and must declare the law, but must not charge the jury in respect to matters of fact"
and section 385, C. Cr. Pro., which provides as follows:

"In charging the jury, the court must state to them all matters of law which it thinks necessary for their information in giving their verdict."

It is further claimed that these instructions intimated to the jury that they were not obliged to accept defendant's testimony as true. Immediately following the second portion of the charge objected to the court instructed the jury as follows:

"You have the right to take into consideration his acts and conduct in relation to these horses, his statements, if you find that he made any, to the complaining witness, or to other persons, in regard to these horses, both before and after he took them. You have also the right to take into consideration his conduct after his arrest and his conduct during the entire transaction. You have the right to take all this into consideration, as well as his own testimony, and you should consider his own testimony, and from all the testimony, all the facts and circumstances, say what was his intent in this case."

The instructions given in this case have been repeatedly sustained by the overwhelming weight of authority in this country.

State v. Smith, 8 S. D. 547, 67 N. W. 619; State v. Thornton, 10 S. D. 349, 70 N. W. 196, 41 L. R. A. 530; Territory v. Pratt, 6 Dak. 483, 43 N. W. 711; State v. Sterrett, 71 Iowa, 386, 32 N. W. 387; Reagan v. United States, 157 U. S. 301, 15 Sup. Ct. 610, 39 L. Ed. 709; Brickwood-Sackett, Instructions, §§ 365, 2533-2552. It is true that in a few states the courts have held an instruction to the effect that the jury may consider the interest of the defendant is upon the weight of his testimony, but we do not think such holding to be sound in principle. We are of the opinion that the instructions given in this case were eminently fair to the defendant and that they should be sustained. Our conclusion in this respect is not in conflict with the decisions in Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003, and State v. Barry, 11 N. D. 428, 92 N. W. 809. In those cases the trial court did invade the province of the jury by giving its opinion on the weight and effect of the evidence. Here the trial court has merely laid down the rules of law by which the jury should weigh the evidence.

The judgment and order appealed from are affirmed.