STATE, Respondent, v. BROWN, Appellant.

(165 N. W. 987.)

(File No. 4196.    Opinion filed December 31, 1917.)

1.  **Criminal Law—Continuance—Surprise—Refusing Five Days Continuance—Discretion, Abuse of.**

Where, when case was called for trial, state gave notice of endorsement upon information of name of a state's witness, and advised defendant of what it expected such witness would swear to, and trial court, upon defendant's application on ground of surprise for two weeks continuance to seek evidence to meet such testimony, offered to grant five days continuance, which defendant declined, and cause proceeded to trial, held, trial court's action was not abuse of discretion; defendant by declining such offer, not being in position to claim abuse of discretion, since, had he used his best efforts for the five days and had failed, he would then have been in position to ask for further time.

2.  **Criminal Law—State's Former Witness, Not Appearing on Information—Surprise—Error.**

Where state called a witness who was state's witness upon a former trial, but whose name did not appear on the information, it not appearing that he was known to state's attorney at time of filing information, defendant could not claim surprise.

3.  **Same—Cross-examination Defendant Re Subsequent Conduct, Whether Error.**

Where defendant in criminal prosecution was cross-examined by state concerning his conduct after date of alleged crime, such action was not error, where trial court did not allow examination to go beyond reasonable bounds, or to include anything not tending to aid jury in reaching true verdict.

4.  **Criminal Law—Instruction—No Exception at Trial—Exception on Stipulation—Power of Court—Statute—Protection of Innocent—Rule, Perversion of.**

Where defedant failed to except to an instruction at the trial, and several months thereafter state's counsel stipulated that exception might be settled as of date of instruction, and an exception was allowed on date of stipulation, held, in view

of defendant's contention that the stipulation binds the state, that neither state's counsel nor trial court grant defendant any relief except that allowable under Code Civ. Proc., Sec. 151; but Supreme Court will assume that trial court allowed the exception because of showing of some excusable neglect; trial court having gone no farther than to see that the wall builded for protection of the innocent, did not serve in the case at bar as a barrier preventing the hand of justice from reaching the guilty.

Appeal from Circuit Court, Fall River County. Hon. ALVA E. TAYLOR, Judge.

The defendant, Arthur R. Brown, was convicted of a felony, and he appeals. Affirmed.

*Hayes & Heffron,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *Frank A. Little,* for the State.

(1) To point one of the opinion, Respondent cited: State v. Phillips, 18 S. D. 1, 98 N. W. 171, 5 Ann. Cas. 760; State v. Sonnenschein, (S. D.) 156 N. W. 906; State v. Roberts (Kan.) 147 Pac. 828; State v. Matejousky, 22 S. D. 30, 115 N. W. 96; State v. Pancoast (N. D.) 67 N. W. 1052.

(3) To point three of the opinion, Appellant cited: Rice Criminal Evidence, pp. 604-607; State v. Lamont, 23 S. D. 180; State v. Pencoast (N D.) 67 N. W. 1060; Halwood v. People, 96 Ill. 492.

WHITING, J. Defendant appeals from a judgment adjudging him guilty of a felony; also from an order denying a new trial.

[1] When the case was called for trial the state gave notice of a desire to indorse upon the information, as the name of a witness for the state, a party whose name had not theretofore appeared thereon. The state advised appellant of what it expected such witness would swear to. Appellant, claiming surprise, asked for a continuance of two weeks in which to seek evidence to meet the testimony of such new witness. After considering affidavits submitted on both sides, the court announced that, if appellant desired, it would grant a continuance of four or five days. Appellant declined this offer, and the cause proceeded to trial. Appellant assigns error. We have considered the facts shown, and are of the opinion that there was no abuse of discre-

tion.   Even though appellant feared that the time offered was too short, he should have accepted the offer and then used his best efforts to procure the desired evidence.   He would then have been in a good position to ask for further time if he found he needed it.

[2] The state called a witness whose name did not appear on the information.   It was undisputed that this person was a witness for the state upon a former trial of this case, but it did not appear that he was known to the state's attorney at the time of filing the information.   Appellant could not have been taken by surprise.   The court committed no error in allowing such witness to testify.   State vs. Matejousky, 22 S. D. 30, 115 N. W. 96.

[3] Appellant took the witness stand.   He assigns as error the rulings of the trial court by which the state, on cross-examination, was allowed to question him in relation to his conduct after the date of the alleged crime.   We are of the opinion that the trial court did not allow the examination to go beyond the bounds of what was reasonable or to include anything that would not tend to aid the jury in reaching a true verdict.

[4] Appellant assigns as error the giving of a certain instruction.   The state contends that such instruction was not timely excepted to, and that therefore this court has no jurisdiction to consider same.   It appears that no exception was taken at the trial.   Several months thereafter counsel then representing the state entered into a written stipulation in which, among other things, it was stipulated that an exception to such instruction might be settled as of the date of the instruction.   On the date of such stipulation the trial court allowed an exception to such instruction.   Appellant contends that such stipulation binds the state.   When appellant failed to interpose an exception at the proper time neither counsel for the state nor the trial court could grant him any relief except such relief, as the court could have granted under the provisions of section 151, C. C. P.   But we will assume that the trial court allowed the exception because of some showing of excusable neglect.   Under the holding of this court in State v. Pock, 35 S. D. 393, 152 N. W. 507, there was no error in the instruction.

Our lawmakers, fearing lest the innocent might be convicted of crime, and possibly being of the opinion that it is better for

society that many guilty escape rather than that even one innocent person suffer punishment, have, by statutory enactments, builded a wall, which, though intended for the protection of the innocent, does, in actual use, all too often serve as a barrier preventing the hand of justice from reaching the guilty. The blocks of which this wall are builded have well been termed the "privileges of crime." While our courts must not, through statutory construction or otherwise, destroy a single one of these blocks, yet it behooves them, lest our criminal procedure become a farce and society be left without legal protection, thus inviting mob law, to see to it that they do not, to the slightest extent, raise this statutory barrier. In this case the trial court went no farther than to see that such barrier was not raised.

The judgment and order appealed from are affirmed.