## PALES v. PAOLI.

(Circuit Court of Appeals, First Circuit. April 14, 1925.)

No. 1700.

1. **Criminal law** ⊙➝102—**Insular courts having original jurisdiction of crime were not ousted therefrom regardless of whether defendant had right to transfer case to federal court.**

Insular courts of Porto Rico have jurisdiction of prosecution for aggravated assault under Rev. St. and Codes of Porto Rico 1911, §§ 5664–5666, and were not ousted therefrom whether defendant had or had not a right to transfer case to federal court by removal, by habeas corpus' or otherwise.

2. **Intoxicating liquors** ⊙➝249—**Prohibition officer justified in using reasonable means to stop automobile to effect seizure, if facts would have warranted reasonably prudent man in believing that automobile driver was transporting liquor.**

If federal prohibition officer had learned of facts by the use of his senses and from other sources that would have warranted a reasonably prudent man in believing that automobile driver was transporting liquor in his presence in violation of National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), he would have been justified in using reasonable means to stop the car to effect a seizure, having first disclosed his official capacity.

3. **Habeas corpus** ⊙➝25(1)—**Prohibition agent held not to have been acting in pursuance of law of United States within statutes as to issuance of writs of habeas corpus.**

Where prohibition director received information that consignment of liquor was to be landed on certain point on coast and was to be brought into certain city by automobile over certain road on certain night, a prohibition agent was not warranted, without knowledge of other facts, in concluding that driver of automobile along such road on such night was transporting liquor, and his act in shooting at automobile and occupants was illegal and not within the scope of his authority or in pursuance of a law of the United States within Rev. St. § 753 (Comp. St. § 1281), providing for issuance of writ of habeas corpus where petitioner was acting in pursuance of law of the United States.

4. **Habeas corpus** ⊙➝4 — **District Court's refusal to discharge prohibition agent convicted of aggravated assault held not abuse of discretion.**

Where prohibition agent was convicted of aggravated assault in violation of Rev. St. and Codes of Porto Rico 1911, §§ 5664–5666, in municipal court of Porto Rico after shooting at automobile and occupants without knowledge of facts which would have warranted reasonably prudent man in concluding that liquor was being transported therein and was temporarily in the custody of jailer because of voluntary withdrawal of bond, pending appeal to the Supreme Court of Porto Rico, so that he might apply for writ of habeas corpus, the federal District Court did not abuse its discretion or err in holding that there was no such urgency as required agent's discharge, since authority and operations of national government would not be injuriously affected or seriously, or if at all, disturbed by reason of his confinement; the agent's remedy being appeal to Supreme Court of Porto Rico and writ of error from Supreme Court of the United States under Judicial Code, § 237 (Comp. St. § 1214), and section 246, as amended by Act Jan. 28, 1915 (Comp. St. § 1223), or removal to' federal District Court under Judicial Code, § 33 (Comp. St. § 1015) and Act Oct. 28, 1919, tit. 2, § 38 (Comp. St. Ann. Supp. 1923, § 10138½y), and Organic Act Porto Rico, § 42 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803r).

Appeal from the District Court of the United States for the District of Porto Rico; Carlos Franco Soto, Judge.

Petition for writ of habeas corpus by Jesus Pales y Diaz against Manuel Paoli. From a decree dismissing writ and remanding petitioner, he appeals. Affirmed.

James Foster Henry, Sr., of Roxbury, Mass., for appellant.

Archibald King, of Washington, D. C., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the federal District Court of Porto Rico dismissing a writ of habeas corpus and remanding the petitioner, appellant, to the custody of the respondent, the district jailer of San Juan.

There is substantially no dispute about the facts out of which the controversy arises. It appears that the prohibition director of Porto Rico, on receiving information that a con-

signment of liquor was to be landed at a certain point on the coast of the island and was to be brought into San Juan by automobile over the Bayamon Road on the night of June 14, 1923, directed two prohibition agents, the petitioner and one Dewane, to go out on the road and stop and search every car coming into town that night, in order to seize the liquor and arrest the persons transporting it; that in obedience to these directions, the petitioner and Dewane stationed themselves a short distance apart on the road in question; that they stopped and searched several cars; that about 10:30 p. m., an automobile containing Horace Miller and a young lady approached; that Dewane and the petitioner, each holding a pistol in one hand and a flash light in the other, attempted to stop the car by calling out, "Hold up!" in Spanish and in English, without disclosing that they were federal officers; that neither of them had a search warrant or any other authority except such as pertained to their appointments and they were not in uniform; that Miller did not stop, and, after he had passed, the petitioner fired two shots at the car, one of which hit the gasoline tank and the other the rear of the car; that neither of the occupants was hit; that on reaching San Juan, Miller found a policeman, and returned to the scene of the firing, where he ascertained who the persons were that undertook to stop him, and that it was the petitioner who fired the shots; that Miller had no liquor in his car and there was nothing to indicate that he had ever transported liquor; that a few days after the shooting, Miller swore out a complaint against the petitioner and Dewane for aggravated assault, under section 678 of the Act of March 10, 1904 (sections 5664, 5665, 5666, R. S. and Codes of Porto Rico 1911); that the petitioner was found guilty in the Municipal Court of Rio Piedras, and Dewane was acquitted; that the petitioner appealed to the District Court of San Juan, was there found guilty and sentenced to pay a fine of $200; that he appealed to the Supreme Court of Porto Rico, was admitted to bail pending appeal, but on September 6, 1923, withdrew his bond and surrendered himself to the custody of the respondent, the district jailer; and thereupon brought this habeas corpus proceeding.

In the court below the petition was dismissed for the following reasons: (1) That the insular courts had plenary jurisdiction of the case against the petitioner, which was awaiting final decision on appeal to the Supreme Court of Porto Rico; (2) that it was not a case of urgency calling upon a federal court to exercise its discretion and discharge the petitioner while the cause was awaiting final determination before a territorial court; and (3) that the petitioner was not acting and did not act within the scope of his authority as a federal agent or officer on the night of June 14, and therefore was amenable to the insular courts for any violation of the laws of Porto Rico.

[1] The insular courts had original jurisdiction of the crime charged against the petitioner and were not ousted therefrom, whether the petitioner had or had not the right to transfer the case to the federal court by removal, by habeas corpus, or otherwise. R. S. and Codes of Porto Rico 1911, §§ 5664, 5665, 5666; United States ex rel. Drury v. Lewis, 200 U. S. 1, 26 S. Ct. 229, 50 L. Ed. 343. It is conceded that in a proper case the federal District Court of Porto Rico may issue a writ of habeas corpus to bring before it a prisoner held by the insular authorities, either before or after conviction, and may discharge him from custody; and that sections 751, 753, and 761 of the Revised Statutes of the United States (Comp. St. §§ 1279, 1281, 1289) are applicable to Porto Rico and to the federal District Court of Porto Rico, by virtue of sections 9 and 41 of the Organic Act of Porto Rico, 39 Stat. L. 954, 965 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3803ccc, 3803qq); that the Eighteenth Amendment and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) are in force in Porto Rico (section 9 of the Organic Act, 39 Stat. L. 954; 42 Stat. L. 993); and that "the right to be secure against unreasonable searches and seizures" prevails there (Organic Act, § 2, 39 Stat. 951 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803aa]; Weems v. United States, 217 U. S. 349, 367, 30 S. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705).

Two questions are presented: (1) Whether, under the circumstances disclosed, the petitioner was acting in pursuance of a law of the United States (Rev. St. § 753), and within the scope of his authority as a federal officer, in attempting to stop and search Miller's car, and in shooting at the car and its occupants; and (2) whether this is a case of extreme urgency where a federal court, having heard the facts in a habeas corpus proceeding, should, in the exercise of its discretion, have discharged the petitioner.

[2] If the petitioner, a federal prohibition officer, had learned of facts, by the use of his senses and from other sources, that

would have warranted a reasonably prudent man in believing that Miller was transporting liquor in his presence (National Prohibition Act, tit. 2, § 26, 41 Stat. L. 315; Park v. United States (C. C. A.) 294 F. 776; Carroll et al. v. United States, 45 S. Ct. 280, 69 L. Ed. ——, decided March 2, 1925), he would have been justified in using reasonable means to stop the car to effect a seizure, having first disclosed his official capacity; but as the offense of transporting liquor is a misdemeanor (National Prohibition Act Oct. 28, 1919, tit. 2, § 29, 41 Stat. L. 315; Penal Code March 4, 1909, § 335, 35 Stat. L. 1152 [Comp. St. § 1059]), he probably would not be warranted in shooting at the car and its occupants when trying to avoid arrest by flight, to effect his purpose. United States v. Clark (C. C.) 31 F. 710, 713; North Carolina v. Gosnell (C. C.) 74 F. 734, 738; State v. Cunningham, 107 Miss. 140, 65 So. 115, 51 L. R. A. (N. S.) 1179; Thomas v. Kinkead, 55 Ark. 502, 18 S. W. 854, 15 L. R. A. 558, 29 Am. St. Rep. 68.

[3] But the evidence in this case shows that the petitioner had not learned of facts, by the use of his senses or otherwise, that would warrant a reasonably prudent man in concluding that Miller was committing in his presence the crime of transporting liquor. Such being the case, he was not acting in pursuance of a law of the United States, and within the scope of his authority as a federal officer, in undertaking to effect a seizure—much less in shooting at the car and its occupants with a view to accomplishing his purpose. His conduct was wholly illegal and unauthorized.

[4] We are also of the opinion that, on the facts disclosed, the District Court did not abuse its discretion or err in holding that there was no such urgency as required the petitioner's discharge. He was temporarily in the custody of the district jailer of San Juan, because of his voluntary withdrawal of bond, pending appeal to the Supreme Court of Porto Rico, so that he might apply for habeas corpus. This, taken in connection with his minor official position and the fact that he was not acting pursuant to a law of the United States and within the scope of his authority at the time of the attempted seizure, does not show that the authority and operations of the national government would be injuriously affected, or seriously, if at all, disturbed, by reason of his confinement. Drury v. Lewis, 200 U. S. 1, 26 S. Ct. 229, 50 L. Ed. 343; Castle v. Lewis, 254 F. 917, 166 C. C. A. 279. He

was, therefore, rightly left to exhaust his remedies of appeal to the Supreme Court of Porto Rico and of writ of error from the Supreme Court of the United States (Judicial Code, § 237 [Comp. St. § 1214], and section 246, as amended by the Act of January 28, 1915, 38 Stat. L. 804 (section 1223); Urquhart v. Brown, 205 U. S. 179, 27 S. Ct. 459, 51 L. Ed. 760), or of removal to the federal District Court (Judicial Code, § 33 (section 1015), and section 38, tit. 2, of the Act of October 28, 1919 [Comp. St. Ann. Supp. 1923, § 10138½y]; section 42 of the Organic Act of Porto Rico, 39 Stat. L. 966 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803r]).

Had he been acting pursuant to a law of the United States and within the scope of his authority, but his action chanced to be a violation of an insular law, his imprisonment might and probably would constitute an urgency authorizing his discharge on habeas corpus, without first exhausting his other remedies. It was apparently so held in Ohio v. Thomas, 173 U. S. 276, 284, 285, 19 S. Ct. 453, 43 L. Ed. 699. But this is not such a case.

The decree of the District Court is affirmed.