## EMITE et al. v. UNITED STATES.

(Circuit Court of Appeals for Fifth Circuit. November 18, 1926.)

No. 4784.

**1. Intoxicating liquors ⊜247.**

Probable cause, justifying search of automobile for liquor, did not exist, unless facts and circumstances within officer's knowledge would warrant belief that liquor was being transported therein.

**2. Intoxicating liquors ⊜247.**

That automobile moving on public highway appears heavily loaded and driven carefully does not warrant search thereof for liquor without warrant.

**3. Intoxicating liquors ⊜247.**

Search of automobile without warrant is not justified by suspicion, based on fact that it came from place having reputation as haven for bootleggers and was seen parked at place said to be used by cars hauling liquor.

**4. Criminal law ⊜394.**

Where search of automobile for liquor by prohibition officers was without a warrant and without reasonable cause to believe that a crime was being committed in their presence, evidence obtained thereby *held* inadmissible in liquor prosecution.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

Tony Emite and another were convicted of unlawful possession and transportation of intoxicating liquor, and they bring error. Reversed and remanded for new trial.

Thos. F. Whiteside, Jr., of Dallas, Tex. (John R. Palmer, of Galveston, Tex., on the brief), for plaintiffs in error.

H. M. Holden, U. S. Atty., of Houston, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error were convicted on two counts of an information charging them with unlawfully possessing and unlawfully transporting intoxicating liquor fit and intended for beverage purposes. Over their objection the court permitted a federal prohibition enforcement officer to testify as to the witness and another federal prohibition enforcement officer arresting the accused and finding 51 gallons of intoxicating liquor in an automobile in which they were traveling on a public highway after dark. The witness testified to the following effect:

"When we [the witness and the other officer] were traveling in an automobile, the accused passed us in another car, which was owned by one of the accused, who worked for the Dickinson ice plant at Dickinson, Tex. We noticed that they were traveling slowly, that their car appeared to be heavily loaded and weighed down on the springs, and they went over the rough spots in the highway very carefully. We followed them about 10 miles, then drove our car in front of theirs, told them to stop, and that we were federal officers, and we searched them and their car, and found the liquor in their car. We had no search warrant. The accused did not give us permission to search their car. I did not see or smell liquor until I opened the door of

their car. The reason I suspected they had liquor was because I had seen that car parked out by the side of the Dickinson ice plant, and I had been told that cars that were parked out by there hauled liquor from that ice plant. When I saw that car parked at the ice plant, it was about 30 feet from the highway and inside the ice plant property. I never raided or searched the Dickinson ice plant. I have made many arrests around Dickinson, Tex. It is a small town, and has the reputation of being a haven for still operators and bootleggers."

[1-4] The testimony of the witness, not only did not show that, before the search was made, the officers had probable cause to believe that an offense had been committed, but indicated the absence of such probable cause. Probable cause did not exist, unless the facts and circumstances within their knowledge, and of which they had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in the automobile which they stopped and searched. Carroll v. United States, 267 U. S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Pales v. Paoli (C. C. A.) 5 F.(2d) 280.

The facts and circumstances which the testimony showed were within the knowledge of the two officers before the search was started furnished no basis for a reasonable belief or inference that the searched car contained intoxicating liquor. The facts that an automobile moving on a public highway appears to be heavily loaded and is driven carefully are entirely consistent with a legitimate use of it, and do not warrant a reasonable belief that it is being used as a means of committing a criminal offense. The testimony indicated that the officers had no knowledge or information of any illegal use of the searched car, or that its owner or an occupant of it had committed or intended to commit any criminal offense. The testimony as to what the witness had been told did not indicate that his informant was trustworthy, or that he even claimed to know that what he said was true.

Evidence of the fact that an automobile of an employee of an ice manufacturer was seen parked on the employer's premises, where some unidentified person said automobiles used in hauling liquor from the employer's plant were parked, plainly would not, by itself, or in connection with evidence of the fact that that automobile, when apparently heavily loaded, was seen on a public high-

way, where it was being carefully driven, be enough to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in that automobile. A search without warrant of an automobile is not justified by a mere suspicion, based on the facts that it came from a small town having the reputation of being a haven for bootleggers, and that it had been seen parked on an ice manufacturer's premises which were said to be used for parking cars which hauled liquor from that place.

On its face the testimony of the witness negatived the conclusion that, prior to the search of the automobile, the witness or the other officer, by the use of their senses or otherwise, had learned of facts that would warrant a reasonably prudent man in believing that it then was being used in transporting liquor, or in the commission of any other crime. It appearing on the face of the testimony that the knowledge of the witness of the fact that the automobile contained intoxicating liquor was obtained by a search made without a warrant, and without probable cause to believe that a crime was being committed in his presence, that testimony was subject to be excluded on the ground that the knowledge of the witness of the incriminating facts deposed to was obtained by a violation of the constitutional provision against unreasonable searches. We conclude that the above-mentioned ruling was erroneous. Because of that error, the judgment is reversed, and the cause is remanded for another trial.

Reversed.