## MORING v. UNITED STATES. *
### No. 5585.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1930.

*For opinion denying rehearing, see 41 F.(2d) —.

Mack Taylor and Jesse E. Martin, both of Fort Worth, Tex. (Dawson H. Davis, of Fort Worth, Tex., on the brief), for appellant.

H. M. Holden, U. S. Atty., of Houston, Tex. (Howell Ward, Asst. U. S. Atty., of Houston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted of the unlawful possession and facilitating after importation the transportation of intoxicating liquor for beverage purposes, as charged in separate counts of an indictment. 27 USCA § 39; 19 USCA § 497.

The only assignment of error which, in the view we take of the case, it is necessary to consider, is one which complains of the admission in evidence of liquor that was seized in appellant's automobile by government officers acting without a search warrant. Those officers were on the highway near Falfurrias, Tex., 75 or 100 miles from the Mexican border, when they saw two automobiles which they caused to stop by placing in the center of the highway a large sign upon which was printed "Stop, U. S. Officers." Appellant was the owner of both automobiles. He was riding in the one in the front, and the one in the rear was being driven by another under his direction. Search was made without appellant's consent, and the liquor that was seized was found in the automobile in which he was not riding.

The officers had no reasonable cause to believe or suspect that either of the automobiles contained liquor, but stopped them to see whether they did or not. Under these circumstances we are of opinion that they were without authority of law to stop or search the automobiles, and that it was error to base a conviction upon evidence seized upon such

search. Evidence discovered upon an unlawful search is inadmissible, and a conviction cannot be based upon it. The case is controlled by our decision in Emite v. United States, 15 F.(2d) 623. The question of consent to the search does not arise, as it was not asked or given by either appellant or his driver. The officers were in uniform, and proceeded upon the theory that they had the right to make the search against the will of the owner and the driver of the automobile.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.