**FERRACANE et al. v. UNITED STATES.**

No. 4438.

Circuit Court of Appeals, Seventh Circuit.

Feb. 26, 1931.

Rehearing Denied March 27, 1931.

Clarence W. Nichols and John Royse, both of Indianapolis, Ind., for appellants.

George R. Jeffrey, U. S. Atty., and Alexander G. Cavins and Telford B. Orbison, Asst. U. S. Attys., all of Indianapolis, Ind.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge.

The appeal is from a judgment convicting appellants for violation of the National Prohibition Act (27 USCA). The indictment charged: (1) Transportation of intoxicating liquors; (2) possession of such liquors; and (3) maintaining nuisance—a house, etc., for the sale of such liquors. Jury was waived, and on trial by court appellants were each fined and sentenced to imprisonment in the penitentiary.

The evidence unquestionably shows there was unlawful possession and transportation of liquor; but appellants contend that the evidence of it was inadmissible because obtained by unlawful seizure, without search warrant.

It appears the officers at Indianapolis had been instructed to be on the lookout there for Ferracane with an automobile loaded with liquor. They were directed to watch several houses in Indianapolis, including the one in question. They lay concealed behind some trees on a lot on the opposite side of the street, and while watching there an automobile drove up and turned into a driveway, stopping near a side door of the house. They saw a man and woman leave the car, the woman going into the house and turning on a light. They saw the man at once begin carrying into the house from the car packages in sacks which were testified to resemble such packages as had been frequently found to contain bottles of bootleg liquor. They saw the man go back and forth a number of times carrying such packages from the car to the house, and thereupon, approaching more closely, they saw Ferracane, whom one of them recognized, in the act of removing from the car a basket of bottles appearing to contain whisky, and so labeled; and one officer testified to an odor of whisky about the car. They arrested the man, took the liquor in and about the car, took the packages which had been set in the doorway of the house, and arrested the woman who was in the house. There was a suitcase in the car in which there was woman's apparel. The officers had no search warrant.

Under these circumstances it seems perfectly clear that the officers' information with reference to Ferracane, coupled with what they saw before they went upon the driveway, fully warranted their reasonable belief that a felony was being committed.

While there was here no definite evidence that the house was the home of either of appellants, nor that the driveway was appurtenant to the house, yet if it be assumed that the place was Ferracane's home, and that under the law the driveway was by the Fourth Amendment protected against unreasonable search, nevertheless under all the facts the officers were amply justified in going upon the premises without any warrant; and when they found Ferracane in the situation described they were justified in arresting him and taking possession of the liquor.

Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; United States v. Lee, 274 U. S. 559, 47 S. Ct. 746, 71 L. Ed. 1202; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

In these circumstances it is immaterial whether appellants' motion to suppress as evidence, and to return the liquor seized, was disposed of before, during, or after the trial by the court hearing the case on jury waiver, and there was no error in refusing to hear it before the trial, as is insisted by appellants. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

It is insisted that, in any event, the evidence did not warrant the conviction of appellant Bolin. She admitted, in conversation with an officer, that she met Ferracane, by appointment, in a hotel at Huntington, Ind., and came with him to Indianapolis knowing the car to be loaded with liquor. She opened the house and appeared to be taking charge of things as Ferracane was carrying in the liquor. She was clearly no member of Ferracane's family, and evidently not merely a guest passenger riding in the car. Under all the circumstances it is a fair deduction that she was participating in the transportation and possession of this liquor.

It is contended that the defendants could not lawfully waive jury trial. Since the decision of the Supreme Court in Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, there is no longer any question of the right to waive. The waiver was in writing, and signed by the parties, and there is no intimation—and surely no proof —that they did not fully understand and freely consent to it.

The judgment is affirmed.