### MORING v. UNITED STATES. *
### No. 6177.

Circuit Court of Appeals, Fifth Circuit.
May 10, 1932.

Arthur Lee Moore, of Fort Worth, Tex., for appellant.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted on three counts of an indictment. The first count charged a conspiracy between himself, Arturo Z. Garza, and Gaspar Garcia, to import, receive, conceal, and transport alcohol. The other counts charged appellant with the substantive offenses of receiving, concealing, transportation, facilitating the transportation of the same alcohol. A sentence of two years in the Atlanta penitentiary and a fine of $5,000 was

*Rehearing denied June 29, 1932.

624

imposed on the first count. A single sentence of two years' imprisonment on the other counts was suspended.

 At the trial both Garza and Garcia testified for the government. Their evidence was sufficient to support the conviction. Appellant did not testify, but his brief discloses that he admitted, through counsel, his ownership of the Cadillac car and that Garcia was driving it as his agent. The government also introduced as a witness one Boettiger. Over the objection of appellant, he was permitted to testify, in substance, that he was a border patrol officer and on October 25, 1928, he saw appellant and Garza in a Chevrolet sedan about two and one-half miles south of Falfurrias and saw Garcia in a Cadillac sedan following behind them. His testimony went no further. From evidence incorporated in the bill of exceptions, but heard before the court with the jury withdrawn, it appears that Boettiger had stopped the cars by putting a barricade across the road with a sign reading, "Stop. U. S. Officers"; that he questioned the occupants to determine whether they were American citizens or aliens unlawfully entering the country; that it was early in the morning, just about daylight, and he used a flash-light in making his investigations; that he found Garza was a citizen and Garcia was an alien, who had been admitted as a visitor from Mexico to Brownsville, merely to cross the border, and had gotten too far inland for his permit to be effective; that he searched the Cadillac car and found the alcohol which is the basis of the indictment.

On a former trial of the case, under another indictment, the evidence of the search of the Cadillac car and the seizure of the alcohol was admitted over objection. This we held to be error and reversed the judgment. 40 F.(2d) 267. The contention is made that the recognition of appellant in company with Garza and Garcia resulted from an illegal stoppage of the cars and the subsequent illegal search and the seizure of the alcohol and was therefore inadmissible; that it was highly prejudicial, as the only other evidence came from accomplices whom the jury might not have believed without this corroboration.

The contention is untenable. In federal courts the jury may convict on the uncorroborated testimony of an accomplice, and there could hardly be any doubt that it would have done so in this case. If it were error to admit Boettiger's testimony it might well be considered harmless. But we do not think

it was error. The observation of appellant in company with the accomplices was before the illegal search and seizure. Conceding that it was a trespass to stop the cars, that would not prevent the admission of the testimony. Appellant's rights under the Fourth and Fifth Amendments were not infringed. Hester v. U. S., 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898.

Other errors are assigned, but they are entirely without merit and require no discussion.

The record presents no reversible error. Affirmed.