### WHEELER v. UNITED STATES.
#### No. 7693.

Circuit Court of Appeals, Fifth Circuit.
Dec. 17, 1935.

E. M. Knight, of Lakeland, Fla., for appellant.

John W. Holland, U. S. Atty., of Jacksonville, Fla.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted under the first count of an indictment which charged that he and another named person, at a time and place stated, "did unlawfully, wilfully, knowingly and feloniously possess distilled spirits, to-wit: Three gallons whiskey in three one-gallon containers, and the said immediate containers of said distilled spirits then and there did not have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing the payment of all Internal Revenue taxes of the United States, which were then and there imposed upon such distilled spirits, in violation of the provisions of title 2 of the Liquor Taxing Act of 1934." That count was demurred to on grounds which challenged its sufficiency because of its failure "to show that the whiskey in question was not possessed or transported by the defendants for their own personal use." The court overruled that demurrer. Appellant assigned as errors that ruling, and the action of the court in denying a motion, made upon the conclusion of the evidence, for a directed verdict of not guilty on count 1 of the indictment.

Section 201, title 2, of the Liquor Taxing Act of 1934, 48 Stat. 316 (26 U.S.C.A. § 1152a), reads as follows:

"No person shall (except as provided in section 202 [section 1152b]) transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits. The provisions of this title [this section and sections 1152b to 1152g] shall not apply to— * * *

"(f) Distilled spirits not intended for sale or for use in the manufacture or production of any article intended for sale; or"

What the first count of the indictment charged comprised all the elements of the offense as defined by the first above-set out provision of the statute. This being so, that count was not rendered defective by its failure to negative the exceptions stated in the succeeding part of the section which contained that provision. McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301; United States v. Cook, 17 Wall. 168, 21 L.Ed. 538; Hockett v. United States (C.C.A.) 265 F. 588. The omission relied on to support the demurrer was not of matter mentioned or referred to in the statute's definition of the offense created, but was of matter dealt with in a separate clause or sentence which served the purpose of a proviso.

In the trial the prosecution introduced testimony to the effect that two police officers of the city of Lakeland, Fla., upon seeing in a parked automobile what appeared to be jugs or bottles wrapped up, opened the door of the car and found therein three 1-gallon jugs, containing intoxicating liquor, none of which jugs had affixed thereto any Internal Revenue stamps; and that appellant claimed the car and drove away in it. The appellant, as a witness in his own behalf, testified that he was the owner of the liquor found in the car by the police officers; that he bought that liquor, and was carrying it to his home, for his own personal use, and not for the purpose of sale.

For the appellant it was contended in effect that his request that a verdict in his favor be directed should have been granted because there was no evidence in conflict with his testimony to the effect that he had the liquor for his own personal use, and not for sale. For the purpose of this case, it may be assumed, without being decided, that one who possesses, for his own use, and not for sale, distilled spirits in an unstamped container, is not guilty of the offense denounced by the statute, though such distilled spirits while in an unstamped container were sold to him by another person.

The credibility of appellant's testimony in his own behalf was for the jury to pass on. That testimony may have had in-

firmities which were apparent to persons in whose presence it was given, but are not disclosed by a written report of it. It was for the jury to determine the effect, if any, upon the credibility of appellant's testimony of the circumstance that it was given in resisting a criminal charge made against himself. A jury is not bound to believe the testimony of an interested witness. Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709; Robertson v. Territory of Arizona (C.C.A.) 188 F. 783; State v. Pock, 35 S.D. 393, 152 N.W. 507. The court did not err in refusing an instruction the giving of which would have amounted to a command to the jury to accept as true appellant's testimony in his own behalf.

The judgment is affirmed.