## RAY v. UNITED STATES.
### No. 8059.

Circuit Court of Appeals, Fifth Circuit.
June 24, 1936.

T. A. Wallace and Grady Gillon, both of Macon, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith, Asst. U. S. Atty., both of Macon, Ga., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

## HUTCHESON, Circuit Judge.

Appellant was charged in two counts with (1) willfully possessing, (2) willfully transporting, tax unpaid liquor. He did not deny either the possession or the transportation. His defense, raised in advance of the trial by motion to suppress evidence, was that the evidence to convict him had been gotten from him by an unlawful and unreasonable search and seizure of his automobile and of his home.

The District Judge sustained the motion as to the whisky found in the automobile, but denied it as to the whisky found in his home. Thereafter upon jury waiver duly made, assented to and allowed in open court, the trial of the indictment resulted in a verdict of guilty on count 1, not guilty on count 2. Appellant here complaining of the denial of his motion to suppress the evidence as to the whisky found in his home, insists that his conviction was obtained by a violation of the Fourth Amendment. Appellee insists that whether the evidence as to the whisky in the house was obtained by an unlawful and unreasonable arrest and search, or by the voluntary act of the defendant was under the evidence a fact issue for the trial court on which the finding and verdict of guilty has concluded appellant. Kovach v. United States (C.C.A.) 53 F.(2d) 639. We do not think so. We think the finding and seizing of the whisky in the automobile and in the house was a single, a continuing act, resulting from and attributable solely to the unlawful arrest, and the following unreasonable search of his home and seizure there. Taylor v. U. S., 286 U.S. 1, 52 S. Ct. 466, 76 L.Ed. 951; Byars v. U. S., 273 U. S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Go-Bart Importing Co., v. U. S., 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775. Though the officers testified that they were watching the house from which they saw appellant drive off in his car because it had a bad reputation as a place where bootleg liquor was kept, they testified too that they had never applied for a search warrant because they had never had sufficient grounds for one. Though, too, they testified that they saw appellant come out of the house with a package, they admitted that they could not tell and did not know the contents until they arrested him and made him open it. Though one of them testified that after appellant had been arrested he voluntarily told them that he had liquor in his house and took them there and showed it to them, the evidence admits of only one conclusion, that there was only a nominal, not a true volition. That whatever disclosures appellant made were compelled by the situation and circumstances in which he found himself when, under arrest for having the liquor found in the car, the officers took charge of him and his car and compelled him to return to the house

from which he had set out, all the time insisting that they knew he had liquor stored there and that he should disclose it to them.

█ If the stopping of the automobile, the arrest of defendant, and the seizure of liquor found in it were unwarranted as the trial court found, and as under our decisions they undoubtedly were, Emite v. U. S., 15 F.(2d) 623, 625; Moring v. U. S., 40 F.(2d) 267, the following search and seizure at defendant's home were less justified. For whatever justification for seizing an automobile without a warrant may be spelled out of its fugitive and ambulatory abilities, none may be advanced to excuse the compulsory search of and seizure in a private home without one. "While the question has never been directly decided by this court, it has always been assumed that one's house cannot lawfully be searched without a search warrant, except as an incident to a lawful arrest therein. * * * The protection of the Fourth Amendment extends to all equally—to those justly suspected or accused, as well as to the innocent. The search of a private dwelling without a warrant is in itself unreasonable and abhorrent to our laws. Congress has never passed an act purporting to authorize the search of a house without a warrant." Agnello v. U. S., 269 U.S. 20, 32, 46 S.Ct. 4, 6, 70 L.Ed. 145, 51 A.L.R. 409; c/f Nathanson v. U. S., 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159. In respect of homes the constitutional provision against unreasonable searches and seizures may not be relaxed to find volitional, acts which the evidence leaves no doubt were, if not expressly, impliedly coerced. Amos v. U. S., 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654.

█ We think it will not do to say under the circumstances disclosed by this record, that there was a real volition in appellant's taking the officers to his home and revealing its contents to them. The consent which opens the doors of a private home to official search and seizure cannot be deemed voluntary unless it be made clearly to appear that it was freely and intelligently given, not expressly or impliedly coerced. We think it not in accordance with human experience that a defendant, arrested for transporting liquor, would, unless he were under physical or moral compulsion, act as the defendant did here and make the disclosures that he did. When the circumstances of this unwarranted arrest and seizure, the immediate repairing to appellant's home with appellant in legal custody, are considered, the conclusion is inescapable that the same unwarranted and unlawful force and compulsion, which attended and vitiated the stopping of the automobile and the arrest of the defendant, attended and vitiated his forcible carrying back to his home,. and the compelled disclosures and search there.

The motion to suppress should have been sustained as to both counts. Because it was not the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.