**STOKES et al. v. UNITED STATES.**
**No. 8609.**

Circuit Court of Appeals, Fifth Circuit.
Jan. 4, 1938.

Clint W. Hager, of Atlanta, Ga., and Hamilton Burch, of Valdosta, Ga., for appellants.

T. Hoyt Davis, U. S. Atty., and H. G. Rawls, Asst. U. S. Atty., both of Macon, Ga.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants were prosecuted under an indictment charging in count 1, that on the 8th day of May, 1937, "One Stokes and one Olson did unlawfully, wilfully and knowingly possess distilled spirits, etc.," and in count 2 that on the same day, "One Stokes and One Olson did unlawfully transport distilled spirits."

On the ground that the evidence did not sufficiently connect Olson with the offense charged in the first count, or Stokes with that charged in the second count, the District Attorney moved at its close that a verdict be directed as to Olson on the first count, and as to Stokes on the second, and the motion was granted. Thereupon Stokes as to count 1, Olson as to count 2, moved for a directed verdict on the ground that with Olson dismissed from the first count, and Stokes from the second, there was a fatal misjoinder of parties and offenses. This motion was overruled, and Stokes was convicted on count 1; Olson on count 2. Thereafter, a motion in arrest of judgment, that there was a fatal misjoinder of parties and offenses, was presented and overruled. This appeal tests whether there was reversible error in either of these rulings.

█ It must be conceded that it is not good practice to charge separate defendants with separate offenses in the same indictment, and that a defendant so charged may, by timely motion, compel an election, secure a severance, or obtain some other relief appropriate to the end desired; a separate trial. It may be conceded, too, that where it is made to appear that a defendant, who has timely moved to protect himself from the consequences of such misjoinder, has suffered prejudice from it, a verdict against him should be set aside for reversible error. DeLuca v. United States, 2 Cir., 299 F. 741.

█ The indictment charging both defendants with being guilty of offenses which could properly be joined in the same indictment, 18 U.S.C.A. § 557; Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; Sasser v. United States, 5 Cir., 29 F.2d 76, was good on its face and subject to no exception. The fact, standing alone and of itself, that one of the defendants was acquitted on each count, and only one was convicted on each, does not show that there was prejudicial misjoinder in charging both of the defendants in each of the counts. Sasser v. United States, supra; Chapman v. United States, 5 Cir., 10 F.2d 124. Appellants show no actual prejudice from the action taken here. No statement of facts is brought up in the record, and it must therefore be assumed that the evidence fully supported the conviction of each defendant.

No error is pointed out or claimed as to any of the trial proceedings up to the defendants' motion for verdict. Unless the refusal of that motion was error, there was an errorless trial in which every right of the defendants was carefully protected.

█ It seems to be settled law generally that where convicted defendants are guilty of acts which would have sustained convictions on separate indictments, a reviewing court will not interfere with a judgment against them under a statute providing that defects or imperfections are to be regarded as immaterial, unless to the prejudice of the substantial rights of defendant on the merits. 31 C.J. 756; State v. Edwards, 60 Mo. 490. Under governing statutes[1] this rule is given full application in the federal courts.

These statutes provide and require that no new trial should be granted for error unless upon the whole record it appears that it caused harm. These statutes prevent the

---

[1] "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." 18 U.S.C.A. § 556.

"On the hearing of any appeal * * * in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." 28 U.S.C.A. § 391.

746

application of the technical rule appellants invoke, that aberrations from procedural norms, no matter how slight, and though they deprive defendant of no right, require a reversal. These statutes require us to conclude, and we do conclude, that the conviction of defendants of separate offenses under one indictment does not constitute reversible error, at least where the record, as here, makes it clear that each was guilty of the offense for which he was convicted, and no showing whatever is made that either was prejudiced in any of his substantial rights by being indicted and tried with the other.

The judgment is affirmed.