**WARD v. UNITED STATES.**
No. 8644.

Circuit Court of Appeals, Fifth Circuit.
April 19, 1938.

W. A. Bootle, of Macon, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., and H. G. Rawls, Asst. U. S. Atty., both of Macon, Ga.

Before FOSTER, HUCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was convicted upon two indictments consolidated for trial, one charging him with possession. and transportation, and one with possession, in violation of Sections 1152a and 1152g, 26 U.S.C.A. of whiskey in containers not having affixed revenue stamps as required by those sections. He is here insisting that in the course and conduct of the trial there was error to his prejudice. Under fourteen specifications he presents eight grounds of error: (1) That the statutes on which the indictments are based are unconstitutional, because they constitute an attempt to penalize for the nonpayment of a tax. (2) That there was prejudice to him in the consolidation of the indictments for trial. (3) that the evidence against him was obtained by a wrongful search and seizure, and his motion to suppress it should have been sustained. (4) That it was error to admit, in impeachment of the Government's witness McGahee, a statement made jointly by him and a fellow officer. (5) That verdict should have been directed for him on his motion. (6) That the court erred in the charges given and refused, in that (a) after charging the jury that they would be authorized to convict of illegal possession of liquor, if liquor in containers having no stamps on them was found in defendant's possession and nothing else was proven, they were instructed that "if the evidence goes further and convinces the jury that the liquor was possessed not for the purpose of selling it, but for the purpose of pouring it out or drinking it, then the jury ought to find a verdict of not guilty," because that charge placed the burden on the defendant to acquit himself, instead of upon the Government to convict him, as it ought to have done; (b) there was a refusal to give defendant's requested charge, that if the jury had a reasonable doubt from all the evidence, as to whether or not defendant possessed intoxicating liquor for the purpose of sale, they should acquit him. (7) There was error in permitting the district attorney, in his closing argument, without correction or rebuke from the court, to state to the jury as to the witness McGahee: "I will tell you what happened. Dewey Ward is a likeable fellow and has a lot of friends. McGahee is thin-skinned and sympathetic, and the defendant, Dewey Ward, has himself, or through his friends been talking with this witness in an effort to influence his testimony in this case and get him to soften up." And finally (8) the verdict in one of the cases was inconsistent with itself.

Many of these assignments are wholly without merit. They may be briefly disposed of by little more than saying so.

The constitutional objection, we think, misapprehends the purpose and effect of the statute. It certainly points out no defect in it. Cf. Deutsch v. Aderhold, 5 Cir., 80 F.2d 677; Cf., also, Wheeler v. United States, 5 Cir., 80 F.2d 678, in which the very act in question was given effect by us.

Nor is the objection to the consolidation of the indictments any better taken. Section 557, title 18 U.S.C.A.; Stokes et al. v. United States, 5 Cir., 93 F.2d 744. There was no fatal inconsistency in the jury verdict, Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161, nor, if the motions to suppress the evidence were properly overruled, was there error in denying appellant's motion for an instructed verdict.

But the motions to suppress were well taken. They should have been sustained, and the evidence obtained by the unlawful searches and seizures should have been excluded from the jury. With this evidence excluded, the Government's cases

failed. It was therefore reversible error to overrule these motions.

The search and seizure in one of the cases was made by state officers; that in the other, was made by an investigator of the Alcohol Tax Unit, J. O. Stewart. The search and seizure in the first case was justified below, and it was attempted to justify it here, on the ground that it was made by state officers acting independently of the federal officers, and so made was not subject to be excluded. Milburne v. United States, 2 Cir., 77 F.2d 310; Ferracane v. United States, 7 Cir., 47 F.2d 677. This, however, will not do, for the officer who made the arrest testified positively and without contradiction, that he made it for Mr. Stewart; that he told Stewart he would catch Ward and turn him over to him, and Mr. Stewart said OK. The mere fact on which the Government would stand that no federal officer was with McGahee and that Stewart did not know they were planning to catch Ward on that particular day, is of no importance. It is settled law that searches and seizures made by state officers under circumstances like these, are from the standpoint of the admissibility of the evidence obtained by them, treated as in the same case as though federal officers were actually present, making or assisting in making the search and seizure. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Fowler v. United States, 7 Cir., 62 F.2d 656.

It is not contended that the search and seizure would have been justified if it had been made by federal officers; but if such contention were made, it would be unavailing, for the case is ruled by Ray v. United States, 5 Cir., 84 F.2d 654; Emite v. United States, 5 Cir., 15 F.2d 623; Moring v. United States, 5 Cir., 40 F.2d 267.

The search and seizure made by Stewart was justified below; it is defended here, on the ground that it was consented to.

We have had recent occasion in Ray v. United States to consider and reject the contention made there for this same officer that he had searched a private home by consent. This case is in our opinion a more flagrant violation of the invoked constitutional amendments than that one was. It can hardly be doubted that "the Constitution of the United States is a law for rulers and people, equally in war and in peace, and covers with the shield of its protection all classes of men, at all times, and under all circumstances." Ex Parte Milligan, 4 Wall. 2, 18 L.Ed. 281; or that if this is to constitute a government de jure, of laws, and not of men, "There is, there can be, no place in our constitutional system for the exercise of arbitrary power; arbitrary power and the rule of the Constitution cannot both exist. They are antagonistic and incompatible forces, and one or the other must of necessity prevail whenever they are brought into contact."

It is not important, in testing whether the Constitution has been violated, to determine whether the one invoking constitutional protection is a good or a bad character, or is justly or unjustly suspected of violating the revenue laws. It is not important to determine, or even to inquire, what government officer or service is presuming to transgress constitutional limitations. Zeal for law enforcement is well enough in its place, but its place does not extend to disrespect for and disregard of constitutional limitations, in order to obtain the arrest of a violator of the revenue or other laws. Under the federal system of law enforcement the constitutional provisions against unlawful search and seizure are not mere words in a book. They are law in action. They are enforced by the courts as one of the means by which is overcome the second of the great difficulties, Madison envisioned in framing a government of men over men.[1]

■ It was error, too, to permit the district attorney in the course of the examination of the witness McGahee, to impeach him by offering the statement made by himself and his fellow officer, and it was error to permit him to argue as he did, without check or rebuke. Here again the zeal of the prosecutor has been permitted to leave the bounds within which a just trial should be confined, bounds

---

[1] "In framing a government which is to be administered by men over men, the great difficulty lies in this: you must first enable the government to control the governed, and in the next place, oblige it to control itself."

which it is the duty of the trial judge to maintain. Maryland Casualty Co. v. Reid, 5 Cir., 76 F.2d 30. Within reasonable limits there is a discretion, where a witness has taken the party offering him by surprise, and has given damaging testimony, to permit conflicting statements he has made to be used for impeachment. But there must be a showing of damage and surprise, and under the guise of repairing the damage caused thereby, there may not be a general bringing in of favorable, but inadmissible, testimony in the form of affidavits. Especially may not affidavits of others not witnesses be brought into evidence in this way.

The admission of the affidavits in this case transcended the limits of discretion. Hickory v. United States, 151 U.S. 303, 14 S.Ct. 334, 38 L.Ed. 170; Reid v. State, 56 Ga.App. 112, 191 S.E. 657; Kuhn v. United States, 9 Cir., 24 F.2d 910; United States v. Block, 2 Cir., 88 F.2d 618; Franklin Fire Ins. Co. v. Eastham, 5 Cir., 71 F.2d 385; Sneed v. United States, 5 Cir., 298 F. 911; New York Life Ins. Co. v. Bacalis, 5 Cir., 94 F.2d 200.

 We think, too, that the point against the charge is well taken. As given, it had the effect of requiring defendant to convince the jury that he was not, instead of requiring the United States to convince them that he was, guilty under the statute. It was no sufficient compliance with appellant's request for a correcting charge, that "if the jury had a reasonable doubt from the evidence as to whether or not the defendant possessed intoxicating liquor for the purpose of sale, they should acquit him," for the court to state, as it did, "I have already charged upon reasonable doubt in general terms." The court should have modified its charge as given to advise the jury that while proof of the possession of whiskey, in tax-unpaid containers standing alone made out a prima facie case, yet if upon all the evidence the jury had a reasonable doubt as to whether the possession was for a prohibited or a nonprohibited purpose, they should acquit him.

The judgment is reversed, and the cause is remanded for other and not inconsistent proceedings.

Reversed and remanded.

HOLMES, Circuit Judge (dissenting).

There was no unlawful search in either of these cases. In one, I think, there was no search at all, and in the other, appellant not only consented thereto but invited the officer to come up to his house and inspect his tax-paid liquor, assuring the officer that all liquor therein was tax-paid. Upon visiting appellant's home in response to this invitation, the officer found all liquors in tax-paid containers, except one five-gallon keg on which admittedly the taxes were not paid.

The court fully and correctly instructed the jury upon the doctrine of reasonable doubt. After expressly charging that the burden was on the Government to prove the defendant's guilt beyond a reasonable doubt, it went into detail upon the issue as to whether the appellant possessed the liquor for the purpose of selling it or of "pouring it out," and stated that the jury had a right to consider all of the facts and circumstances in order to determine whether the liquor was possessed "for the purpose of pouring it out or for the purpose of drinking it." There was nothing wrong with the charge, so far as I can see; and it was not necessary for the court, at the instance of counsel, to repeat in different language what had already been announced.

The argument of the district attorney, who was merely giving his theory of the case, should not be taken from its context and held to be reversible error. Let it be remembered that the appellant's defense on the merits was to the effect that the tax-paid liquor was kept for the purpose of sale, but that the five-gallon keg, on which admittedly no tax had been paid, was possessed for the purpose "of pouring it out." The guilt of the appellant is clear upon this record; and, no reversible error appearing, I think the verdict and judgment of the district court should not be disturbed.