## WALKER v. UNITED STATES.

### No. 10018.

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1942.

R. A. Hendricks and Ray M. Watson, both of Miami, Fla., for appellant.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Stuart W. Patton, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment condemning and forfeiting, under Section 2833,[1] Title 26 U.S.C.A. Int.Rev.Code, two automobiles belonging to appellant. They were found in an enclosure connected with an illegal distillery and their seizure, if lawful, was under circumstances which sufficiently identified them with the illegal business, to justify their forfeiture.

Appellant, as claimant, urged without success below, and re-urges here, that, made upon information obtained in ample time to apply for a search warrant and not as an incident to an arrest for a crime committed in the presence of the arresting officer, the search of his premises without a warrant was unlawful, and the evidence obtained thereby was inadmissible in this proceeding against him.

We agree with appellant. In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 286, 69 L.Ed. 543, 39 A.L.R. 790, where a search of an automobile without a warrant was sustained because of its ambulatory and fugitive abilities, the Supreme Court, defining the circumstances under which a search without a warrant may be made, said: "In cases where the securing of a warrant is reasonably practicable, it must be used and when properly supported by affidavit and issued after judicial approval protects the seizing officer against a suit for damages. In cases where seizure is impossible except without warrant, the seizing officer acts unlawfully and at his peril unless he can show the court probable cause." Where the search is of a residence and the circumstances as here establish that the officers obtained the information on which they made it, several days before the search and seizure, the authorities are uniform that search without a warrant is unlawful. Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775; Davis v. Donovan, 265

---

[1] " * * * and all personal property owned by or in possession of any person who has permitted or suffered any building, yard, or inclosure, or any part thereof, to be used for purposes of ingress or egress to or from such distillery, which shall be found in any such building, yard, or inclosure * * * shall be forfeited to the United States."

396

U.S. 257, 44 S.Ct. 513, 68 L.Ed. 1008; Raniele v. United States, 8 Cir., 34 F.2d 877; DePaten v. United States, 4 Cir., 34 F.2d 275, 74 A.L.R. 1413; United States v. Hirsch, D.C., 57 F.2d 555. If the search and seizure here is sought to be justified on the ground that it was an incident to a lawful arrest, appellee stands no better, for giving the evidence a construction most favorable to the government, it amounts to no more than this. Having some days before found some sacks containing dry mash near to, and smelled an odor of mash coming from the premises, the agents, as they put it, "backed off at that time." Then after setting watch for some days and unable to detect appellant in any act which would be the commission of an offense, they went onto his premises saying: "We have come for your still in that shed.", and appellant replying: "Well, boys I don't know what to say.", they asked him to open the gate into the enclosure where the still was later found. Appellant said: "The gate is not locked." The gate was then opened and they all went in. Then, as Masterson, the arresting officer, states it, "We walked up to the door leading into the still enclosure. I said, 'Is that door locked?' He said, 'No.' There was a lock hanging on the latch so I opened the door at which time I could see the still in there, barrels of mash and could see jugs which were full of whiskey and I smelled the mash. At this time I said, 'Barney, you are under arrest.'"

It is quite clear from this recital that the arrest was not made until after the search; that the search was not an incident to but was the cause of the arrest; and that the search, unlawful before the arrest, was not legalized by the arrest made as a result of it. Cases supra, and Bell v. United States, 9 Cir., 9 F.2d 820; United States v. Thomson, 7 Cir., 113 F.2d 643, 129 A.L.R. 1291; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L. Ed. 374; Ray v. United States, 5 Cir., 84 F.2d 654; Ward v. United States, 5 Cir., 96 F.2d 189; Kauz v. United States, 5 Cir., 95 F.2d 473.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.