## UNITED STATES v. FRISCH.

No. 10683.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1944.

Herbert W. Christenberry, U. S. Atty., and Edw. J. Boyle and N. E. Simoneaux, Asst. U. S. Attys., all of New Orleans, La., for appellant.

Edwin H. Grace, of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is from an order which suppressed as evidence all papers and liquors seized and information gained in a search and seizure by internal revenue officers found to be unreasonable and unlawful, with a return of the things seized. A criminal proceeding had been begun before the United States Commissioner based upon this evidence.

The petition to suppress was answered in detail, it being alleged and admitted that petitioner, Frisch, was in possession of a two-story building in New Orleans, on the ground floor of which he ran a restaurant and bar with office in the rear; the upper floor, reached by a stairway, was used as his sleeping quarters, with some rooms rented to other persons. A large quantity of bottled liquors was found and seized in two closets and a room upstairs on Dec. 19, 1942. A lesser amount was seized downstairs behind the bar and in a closet adjacent to it. The answer does not claim there was any search warrant or warrant of arrest, but sets up that the officers were there checking the records and the bar with reference to the floor-tax on liquors and the inventory thereof as of Nov. 1, 1942, under Internal Revenue Code, § 2800(J) (1) (2), 26 U.S.C.A. Int.Rev.Code § 2800 (j) (1, 2). The search and seizure was defended as incident to the lawful arrest of petitioner and his employee Charles Morrison. The answer, however, states that the arrest of Morrison was made after the search and seizure occurred on the second floor, and mentions petitioner as under arrest only during the later questioning at the internal revenue office.

At the trial the main issue of fact was as to the arrest of Frisch, he denying that he was arrested at all in his building, and the United States contending that he was arrested before the search of the upper story as for a crime committed in the presence of the officers, for which no warrant was needed.

We find in the testimony of the two officers then present no claim of any arrest of Frisch or Morrison before liquor was found upstairs. Having found liquor downstairs in connection with the bar which they thought was in excess of the Nov. 1 inventory, and some which was not on it but which they did not think could have been bought since, they concluded there was a false return in making the inventory. They went out of the bar to the foot of the stairway to be more private for a conference, and then heard a noise upstairs like a woman running. They went up to see what that meant, and found that someone had opened a closet in the second story previously locked and there were several cases of liquors in the closet, and signs in the dust on the floor that others

662

had just been removed. It was then they say they arrested Frisch for having deposited and concealed these liquors on which a floor-tax was imposed, with intent to defraud the United States of the tax, a crime committed in their presence, under Internal Revenue Code, § 3321(a), 26 U.S.C.A. Int.Rev.Code § 3321(a).

The arrest without a warrant was not lawful, if made as they say. The discoveries in the bar led them to believe a false inventory had been filed Nov. 1, and a tax evaded then under Int.Rev.Code, § 3173(b) (1) (2), 26 U.S.C.A. Int.Rev. Code, § 3173(b) (1, 2); but that was not an offense committed in their presence. They should have sworn out a warrant of arrest; and they easily could, for it was daytime and the place was in New Orleans, and a United States Commissioner accessible, and Frisch was making no effort to escape. If they desired to search for further evidence, the law in pursuance of which they were inspecting the bar expressly provides that a search warrant be obtained: Internal Revenue Code, §§ 3601, 3602, 26 U.S.C.A. Int.Rev.Code, §§ 3601, 3602. As a retail liquor dealer Frisch was bound to keep records concerning his stock which the officers had a right to see, Internal Revenue Code, § 3252, 26 U.S.C.A. Int.Rev.Code, § 3252, and under Section 3601 we think they had a right to see and count the taxed liquors in the bar and the closet adjoining it. But the upper floor was not a part of the bar. The public had no access to it. The liquors discovered there were locked up and dust covered. The liquors were stored in and near the sleeping quarters of Frisch and Morrison, and other sleeping rooms were rented to other persons. The upper floor must be considered private premises which, though under the same roof with the bar, the officers had no right to enter in inspecting the bar. Hearing a suspicious noise there, they could only maintain a watch while obtaining a search warrant. The search of the upper story began when they mounted the stairs. They cannot justify it by what they afterwards discovered, mostly by breaking down doors, nor afterwards by arresting Frisch and Morrison. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Go-Bart Imp. Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Walker v. United States, 5 Cir., 125 F.2d 395.

We conclude that what was discovered downstairs was pursuant to law and the evidence of it ought not to be suppressed. Some papers were gotten by breaking open a desk in the bar which may not have been records subject to the officers' inspection. Any such ought to be returned. But the liquors seized and the information obtained upstairs was, as the judge held, gotten by an unlawful search and those liquors were properly ordered returned and that evidence suppressed.

The judgment is set aside and the cause remanded with direction to enter a judgment more precisely in accordance with this opinion.